# In the United States Court of Federal Claims

No. 19-202C
(Filed: March 13, 2019)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PRESTON G. DEMOUCHETTE, Jr.

    *Plaintiff*,

v.

UNITED STATES,

    *Defendant*.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>ORDER</u>

  Plaintiff, appearing *pro se*, filed his complaint on January 31, 2019, alleging an action for unjust conviction under 28 U.S.C. § 1495, along with a motion to proceed *in forma pauperis*. The motion for waiver of the filing fee is accompanied by a declaration of plaintiff that he is aware that he is statutorily prohibited from proceeding *in forma pauperis* due to his previous history of filing meritless civil actions in the federal courts. On March 4, 2019, Mr. Demouchette attempted to file a document entitled "Writ of Mandamus" which was not docketed by the clerk's office due to there being no provision in this court's rules for its filing. The "writ" in effect asks the court to order the disclosure of certain documents pertaining to an alleged 1976 criminal indictment of plaintiff in the Western District of Louisiana. Defendant has not yet responded to the complaint, but we need not wait for a response because it is clear that the case must be dismissed.

  Although 28 U.S.C. § 1915 generally allows the prosecution of lawsuits in the federal courts by prisoners without the payment of filing fees upon a showing of the inability to pay, 28 U.S.C. § 1915(a) (2018), it also prohibits proceeding without paying the filing fee if a prisoner "has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," *Id.* § 1915(g). As plaintiff's declaration admits and a cursory search of his filing history in the district courts reveals, Mr. Demouchette is prohibited from bringing a civil action without paying the

filing fee. *See, e.g., Demouchette v. LeBlanc*, No. 17-0164-JJB-EWD (Order dismissing action for failure to pay the filing fee and citing three prior actions dismissed as frivolous or failing to state a claim) (M.D. La. July 26, 2017). Having failed to pay the fee, dismissal is appropriate given the purpose of section 1915(g). *E.g. Resendez v. United States*, 96 Fed. Cl. 283, 287-88 (2010).

We note also that, even if dismissal for failure to pay the fee was inappropriate, the complaint would be dismissed for lack of jurisdiction because it does not allege the required elements of such a claim as laid out in 28 U.S.C. § 2513. Section 2513 requires a person bringing suit under section 1495 to allege that the claimant was acquitted or pardoned on grounds of innocence. 28 U.S.C. § 2513(a) (2018). Plaintiff has not claimed that he was acquitted or pardoned, and thus the complaint does not allege a valid action under section 1495. There is therefore no jurisdiction in this court over plaintiff's complaint. *See Grayson v. United States*, 141 Ct. Cl. 866 (1958) (dismissing an action under section 1495 for lack of jurisdiction for failure to allege the requirements of section 2513).

Because plaintiff is not eligible to proceed *in forma pauperis*, has not paid the filing fee, and has brought an action that is clearly outside of our jurisdiction, the case must be dismissed. Accordingly, the following is ordered:

1. Plaintiff's motion to proceed *in forma pauperis* is denied.

2. The clerk's office is directed to return the document received on March 4, 2019, to plaintiff unfiled.

3. The Clerk of Court is directed to dismiss the complaint for failure to pay the filing fee.

ERIC G. BRUGGINK
Senior Judge